ACCEPTED
03-17-00876-CR
21666835
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/8/2018 11:25 AM
JEFFREY D. KYLE
CLERK

## NO. 03-17-00876-CR

| | | |
|---|---|---|
| **FRED VEGA, III** | § | **IN THE THIRD** |
| | § | |
| **vs.** | § | **COURT OF APPEALS** |
| | § | |
| **THE STATE OF TEXAS** | § | **OF TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/8/2018 11:25:16 AM
JEFFREY D. KYLE
Clerk

## MOTION TO DISMISS

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes the State of Texas, Appellee in the above-styled and -numbered cause, and moves this Honorable Court to dismiss the Appeal related to FRED VEGA III's trial court cause number CR2017-162, and for good cause would show the following:

I.

Appellant pled guilty to Possession with Intent to Deliver, Tampering with Physical Evidence and Evading Arrest offenses committed on or about August 6, 2016. Judgments at 1, *attached*. Appellant entered into a signed plea agreement with the State in which he waived his right to appeal from the judgment and sentence. Plea Bargain Agreements at 3, *attached*. The Court followed the plea agreements, sentencing Appellant to 30- and 20-year sentences years confinement in TDCJ on November 20, 2017. In the trial court's certification, signed by Appellant and his counsel, the trial court noted the Appellant had no right of appeal. Trial Court's Certification at 1, *attached*.

1

## II.

Appellant filed his untimely notice of appeal on December 29, 2017. As agreed to in the plea and stated in the Trial Court's Certification of Defendant's Right of Appeal, Appellant has waived the right of appeal and has no right of appeal in this case. *See* Tex. R. App. P. 25.2(a)(2), (d); *see also Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000) (finding no valid or compelling reason defendant should not be held to his plea bargain waiver of his right to appeal). The appeal should therefore be dismissed.

## III.

**WHEREFORE, PREMISES CONSIDERED,** the State's counsel respectfully prays that this Honorable Court dismiss FRED VEGA, III's appeal.

Respectfully submitted,

/s/ Joshua D. Presley
**Joshua D. Presley**, SBN: 24088254
preslj@co.comal.tx.us
Comal Criminal District Attorney's Office
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Ph: (830) 221-1300 / Fax: (830) 608-2008

## CERTIFICATE OF SERVICE

I, Joshua D. Presley, Assistant District Attorney for the State of Texas, Appellee, hereby certify that a true and correct copy of this *Motion to Dismiss,* along with the following *Appendix*, has been sent to Appellant FRED VEGA III's attorney of record in this matter:

C. Wayne Huff
cwhuff@aol.com
P.O. Box 2334
Boerne, TX  78006

through efile.txcourts.gov electronic service to the foregoing email address on this, the 8th day of January, 2018.

/s/ Joshua D. Presley
**Joshua D. Presley**

## APPENDIX

**"A"** –　　　*Certified Judgments of Conviction*

**"B"** –　　　*Certified Plea Bargain Agreements*

**"C"** –　　　*Certified Certificate of Right to Appeal*



FILED FOR RECORD
AT 9:05 O'CLOCK ___

NOV 2 9 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY, TEXAS
BY ___ DEPUTY

CASE NO. **CR2017-162 COUNT I**
INCIDENT NO./TRN: **9213170882 TRS: A001**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 207TH JUDICIAL DISTRICT |
| | § | |
| FRED VEGA, III | § | COMAL COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX-05691865 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. **BRUCE BOYER** | Date Judgment Entered: | **NOVEMBER 20, 2017** |
| Attorney for State: | **SAMMY MCCRARY** | Attorney for Defendant: | **ANTHONY CANTRELL** |

Offense for which Defendant Convicted:
**POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE PG 1 > 1 GRAM < 4 GRAMS**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **§481.112(c) HEALTH & SAFETY CODE / §12.42(d) PENAL CODE** |

Date of Offense:
**AUGUST 6, 2016**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **SECOND DEGREE FELONY ENHANCED TO HABITUAL OFFENDER (30 YEARS TO 99 YEARS OR LIFE)** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**THIRTY (30) YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND $180.00 RESTITUTION**

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | **TRUE** | Findings on 1st Enhancement Paragraph: | **TRUE** |
| Plea to 2nd Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement Paragraph: | **TRUE** |
| Date Sentence Imposed: | **NOVEMBER 20, 2017** | Date Sentence to Commence: | **NOVEMBER 20, 2017** |

| Punishment and Place of Confinement: | **THIRTY (30) YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A**.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| | | | ☐ VICTIM (see below)  ☒ AGENCY/AGENT (see below) |
| **$0.00** | **$400.00** | **$180.00** | TEXAS DEPARTMENT OF PUBLIC SAFETY RESTITUTION ACCOUNTING P.O. BOX 4087 AUSTIN, TEXAS 78773-0130 AUS-1608-14770 |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A**.

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | FROM **08/06/16 TO 08/13/16     03/07/17 TO 11/20/17** |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS     NOTES: N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.



This cause was called for trial in **COMAL** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options  (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, **INSTITUTIONAL DIVISION, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the parole and/ or probation department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Comal County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Comal** County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **N/A**. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the Office of the **Comal** County **N/A**. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence  (select one)**

☒ The Court ORDERS Defendant's sentence **EXECUTED.**

☐ The Court ORDERS Defendant's sentence of confinement **SUSPENDED.** The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

**PURSUANT TO TEXAS PENAL CODE §12.45, THE COURT TOOK THE FOLLOWING OFFENSE INTO CONSIDERATION: POSSESSION OF MARIJUANA UNDER 2 OUNCES ALLEGED IN 2016CR2169. THE ALLEGATION THAT THIS OFFENSE WAS COMMITTED IN A DRUG FREE ZONE WAS ABANDONED.**

Signed and entered on this ___29___ day of ___November___, 2017.

X _____
JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF COMAL
certify this to be a true and correct copy of the record FILED & RECORDED in the Official Court records of District on this date and time stamped.

Heather N. Kellar
Comal County District Clerk
By_____

Approved as to form and content:



Prosecutor

Clerk: Heather Kellar

Right Thumbprint



CAUSE NO. CR2017-162

THE STATE OF TEXAS

VS

Fred Vega

IN THE DISTRICT COURT

OF COMAL COUNTY

207TH DISTRICT COURT

## FINGERPRINT EXHIBIT

The fingerprint shown below is a print of the above named defendant's right thumb taken upon disposition of cause number noted above.

DEFENDANT'S RIGHT THUMB

 

EXHIBIT "A"





CASE NO. **CR2017-162 COUNT II**
INCIDENT NO./TRN: **9213170882 TRS: A002**


FILED FOR RECORD
At _9:65_ o'clock _P_ M

NOV 2 9 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY, TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 207TH JUDICIAL DISTRICT |
| | § | |
| FRED VEGA, III | § | COMAL COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX-05691865 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. **BRUCE BOYER** | Date Judgment Entered: | **NOVEMBER 20, 2017** |
| Attorney for State: | **SAMMY MCCRARY** | Attorney for Defendant: | **ANTHONY CANTRELL** |

Offense for which Defendant Convicted:
**TAMPERING WITH PHYSICAL EVIDENCE**

| Charging Instrument:<br>**INDICTMENT** | Statute for Offense:<br>**§37.09(c) / §12.42(d) PENAL CODE** |
|---|---|

Date of Offense:
**AUGUST 6, 2016**

| Degree of Offense:<br>**THIRD DEGREE FELONY ENHANCED TO HABITUAL OFFENDER (25 YEARS TO 99 YEARS OR LIFE)** | Plea to Offense:<br>**GUILTY** | Findings on Deadly Weapon:<br>**N/A** |
|---|---|---|

Terms of Plea Bargain:
**THIRTY (30) YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

| Plea to 1st Enhancement Paragraph: | **TRUE** | Findings on 1st Enhancement Paragraph: | **TRUE** |
|---|---|---|---|
| Plea to 2nd Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement Paragraph: | **TRUE** |

| Date Sentence Imposed: | **NOVEMBER 20, 2017** | Date Sentence to Commence: | **NOVEMBER 20, 2017** |
|---|---|---|---|

| Punishment and Place of Confinement: | **THIRTY (30) YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A.**

| Fine:<br>**$0.00** | Court Costs:<br>**$400.00** | Restitution:<br>**$0.00** | Restitution Payable to:<br>☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A**.

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.<br>**FROM 08/06/16 TO 08/13/16  03/07/17 TO 11/20/17**<br>If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.<br>**N/A DAYS  NOTES: N/A** |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **COMAL** County, Texas. The State appeared by her District Attorney.



**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, INSTITUTIONAL DIVISION, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the parole and/ or probation department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ County Jail—Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Comal County, Texas on the date the sentence is to commence. Defendant shall be confined in the Comal County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the N/A. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ Fine Only Payment. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Comal County N/A. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

N/A.

Signed and entered on this 29 day of November, 2017.

X _____
JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct copy of the record FILED & RECORDED in the Official Court records of District Court on this date and time stamped thereon.

Heather N. Kellar
Comal County District Clerk
By: _____

Approved as to form and content:



Prosecutor

Clerk: Heather Kellar

Right Thumbprint



FILED FOR RECORD
At 9:58 o'clock A M

NOV 2 9 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY, TEXAS
BY_____ DEPUTY



CASE No. **CR2017-162 COUNT III**
INCIDENT No./TRN: **9213170882 TRS: D001**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 207TH JUDICIAL DISTRICT |
| | § | |
| FRED VEGA, III | § | COMAL COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX-05691865 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. BRUCE BOYER | Date Judgment Entered: | NOVEMBER 20, 2017 |
|---|---|---|---|
| Attorney for State: | SAMMY MCCRARY | Attorney for Defendant: | ANTHONY CANTRELL |

**Offense for which Defendant Convicted:**
**EVADING ARREST WITH A PREVIOUS CONVICTION FOR THE SAME OFFENSE**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **§38.04 / §12.425(b) PENAL CODE** |

**Date of Offense:**
**AUGUST 6, 2016**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **STATE JAIL FELONY ENHANCED TO SECOND DEGREE FELONY** | **GUILTY** | **N/A** |

**Terms of Plea Bargain:**
**TWENTY (20) YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

| Plea to 1st Enhancement Paragraph: | TRUE | Findings on 1st Enhancement Paragraph: | TRUE |
|---|---|---|---|
| Plea to 2nd Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement Paragraph: | TRUE |

| Date Sentence Imposed: | NOVEMBER 20, 2017 | Date Sentence to Commence: | NOVEMBER 20, 2017 |
|---|---|---|---|

| Punishment and Place of Confinement: | TWENTY (20) YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION, TDCJ |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| **$0.00** | **$400.00** | **$0.00** | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A.**

| | |
|---|---|
| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
| Time Credited: | **FROM 08/06/16 TO 08/13/16 03/07/17 TO 11/20/17** |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS NOTES: N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in COMAL County, Texas. The State appeared by her District Attorney.



<u>Counsel / Waiver of Counsel  (select one)</u>

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

<u>Punishment Options  (select one)</u>

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, **INSTITUTIONAL DIVISION, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the parole and/ or probation department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Comal County, Texas on the date the sentence is to commence. Defendant shall be confined in the Comal County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **N/A.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the Office of the Comal County N/A. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

<u>Execution / Suspension of Sentence  (select one)</u>

☒ The Court ORDERS Defendant's sentence **EXECUTED.**

☐ The Court ORDERS Defendant's sentence of confinement **SUSPENDED.** The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

<u>**Furthermore, the following special findings or orders apply:**</u>

N/A.

Signed and entered on this <u>29</u> day of <u>November</u>, 2017.

X _____
JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and corr
copy of the record FILED & RECORD
Court records of Dist
rt on this date and time stamp
hereon.

Heather N. Kellar
Comal County District Cl
By:

Approved as to form and content:



Prosecutor

Clerk: Heather Kellar

Right Thumbprint



FILED FOR RECORD
At 3:37 o'clock P M

NOV 20 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY TEXAS
BY_____ DEPUTY

CAUSE NO. CR2017-162 Count 1

THE STATE OF TEXAS §

v. §

Fred Vega, III §
Defendant

IN THE DISTRICT COURT

207TH JUDICIAL DISTRICT

COMAL COUNTY, TEXAS

## ADMONISHMENTS, VOLUNTARY STATEMENTS, WAIVERS, STIPULATIONS, JUDICIAL CONFESSION
### &
## PLEA BARGAIN AGREEMENT

I. **ADMONISHMENTS, ART. 26.13, C.C.P.:** The Defendant is hereby admonished in writing that if convicted, the Defendant may be sentenced within the punishment range marked in the relevant box below:

1. **Punishment Range:**

☐ Capital Felony (death penalty waived) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of Life.

☑ Habitual Offender – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 25 years.

☐ 1st Degree Felony (Repeat Offender) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 15 years; in addition, a fine not to exceed $10,000.

☐ 1st Degree Felony -- Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 5 years; in addition, a fine not to exceed $10,000.

☐ 2nd Degree Felony – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years; in addition, a fine not to exceed $10,000.

☐ 3rd Degree Felony – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years; in addition, a fine not to exceed $10,000.

☐ State Jail Felony (deadly weapon used or exhibited / State Jail Violent Offender / State Jail Habitual Offender) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years; in addition, a fine not to exceed $10,000.

☐ State Jail Felony – Confinement in a State Jail for any term of not more than two years or less than 180 days; in addition, a fine not to exceed $10,000.

☐ Other / Special / Enhancement under Texas Penal Code §12.35(c), §12.42, §12.44 or Texas Health and Safety Code Chapter 481 or Other Provision of law:

F.V Defendant's Initials

Page 1 of 7 – Plea Bargain Agreement



2. Plea Bargain – The recommendation as to punishment is not binding on the court. If a plea bargain does exist, the court will inform you in open court before making a finding on your plea whether it will follow the plea bargain. Should the court reject the plea bargain, you will be permitted to withdraw your plea if you desire.

3. Court's Permission to Appeal – If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you may prosecute an appeal on any matter except for matters raised by written motion filed prior to trial.

4. Citizenship – If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in your deportation, exclusion from admission or denial of naturalization under Federal law.

5. Sexual Offender Registration Requirement – If you receive community supervision, a prison or jail term, or deferred adjudication, for an offense described in Chapter 62 of the Texas Code of Criminal Procedure, you must meet all the registration requirements set out in that chapter. Failure to properly register is a separate criminal offense. By affixing your signature to this document, you and your attorney are acknowledging that your attorney has advised you regarding any applicable registration requirements of Ch.62.

6. Deferred Adjudication – If the Court grants deferred adjudication under Art. 42.12, Sec. 5, Code of Criminal Procedure, on violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred. Upon adjudication of guilt, the Court may assess your punishment at any term and fine within the range of the original charge.

7. Community Supervision – The Judge of the Court having jurisdiction of the case shall determine the terms and conditions of your community supervision unless they are otherwise negotiated as part of this plea bargain agreement. The Judge may, at any time, during the period of your community supervision alter or modify the terms and conditions. The Judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the Defendant.

8. Nature of Agreement – This written plea bargain agreement sets out the full agreement of the parties. There are no promises or agreements outside of those established in this written document.

9. Procedure to Amend – By necessity, one or more party to this plea bargain agreement will sign it prior to the other party or the Court. Therefore, once this plea bargain agreement is signed by a party, it shall not be altered or amended without the express consent of the party who has already signed the agreement. The express agreement of such party shall be evidenced on the record and shall be demonstrated by the initials of said party approving any alteration or amendment. Any attempt to alter or amend this written plea bargain agreement outside of this procedure shall be void and the written plea bargain agreement shall be enforced as originally written without such alteration or amendment.

II. **VOLUNTARY STATEMENTS** – Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his attorney with whom he/she has previously consulted and makes the following voluntary statements:

1. "I was sane at the time of the offense and am presently competent to stand trial."

2. "I understand the nature of the charges contained in the indictment or information in this cause."

3. "The Court has admonished me orally or in writing of the consequences of a plea of guilty. I understand the minimum and maximum punishment provided by law for this offense."

4. "I understand that have the right to a trial by jury whether I plead "Guilty", "Not Guilty" or "Nolo

_f.v___ Defendant's Initials                    Page 2 of 7 – Plea Bargain Agreement

Contendere" and I am freely, knowingly and voluntarily waiving my right to a trial by jury."

5. "I have the right to remain silent but if I choose not to remain silent, anything I say can be used against me."

6. "I have the right to be confronted by the witnesses against me whether I have a trial before the Court or the jury."

7. "This plea is made pursuant to a plea bargain."

8. "I ✓ (am) ____ (am not) a citizen of the United States of America."

III. **WAIVERS** – Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his/her attorney with whom he/she has previously consulted and freely, knowingly and voluntarily makes the following waivers:

1. I waive service of the indictment and the two day waiting period for arraignment; and I also waive the 10 day period for preparation after appointment of counsel and the 10 day period in which to file written pleadings after arrest.

2. I waive the right to be arraigned.

3. I waive the right of trial by jury and request the consent and approval of the Court and of the attorney for the State to such waiver.

4. I waive my right to remain silent in the guilt-innocence and punishment phases of the trial, and state that it is my desire to take the witness stand, knowing anything I may say can be used against me, and make a judicial confession of my guilt.

5. I waive the right to confront or cross-examine the witnesses against me both at the guilt/innocence and punishment phases of this matter. This waiver also includes, but is not limited to, any and all statements contained in any pre-sentence investigation report(s) reviewed by the Court in deciding the sentence to be imposed in this matter.

6. I waive the right to file a motion for new trial.

7. I understand my right to appeal but, having entered into a plea agreement with the State and as part of that agreement before sentencing, I waive my right to appeal from the judgment and sentence or probated sentence agreed upon.

8. I understand my rights to seek relief pursuant to a post conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure but, having entered into a plea agreement with the State and as part of that agreement before sentencing, I knowingly, intelligently, and voluntarily waive my right to seek relief pursuant to a post conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure based on any claim that is known or reasonably should have been known to me at the time of my plea of "Guilty."

9. I waive the right to a pre-sentence report and request that none be made.

IV. **STIPULATIONS AND JUDICIAL CONFESSION** -- Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his attorney with whom he has previously consulted and makes the following judicial confession(s) and stipulation(s):

1. "I do admit and judicially confess that I committed each and every element of the offense(s) as alleged in the indictment or information in this cause and that I am in fact GUILTY of the offense alleged or, if this plea bargain is for a plea of guilty to a lesser included offense of the offense alleged in the indictment or information in this cause, I do admit and judicially confess that I committed each and every element of the lesser included offense and that I am in fact GUILTY of the lesser included offense."

2. "Under Texas Code of Criminal Procedure Article 1.15, I hereby consent and stipulate in writing, in open court, to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the Court."

3. "I voluntarily enter my plea of GUILTY to said offense, and my plea is not influenced by any considerations of fear or any persuasion or any delusive hope of pardon. In making my plea of guilty I am not relying on any advice, information or agreement not made to the Court at this time."

4. "I have been advised by my attorney that if I am convicted or placed on deferred adjudication for a reportable sex offense under Chapter 62 of the Code of Criminal Procedure I will be required to meet the registration requirements of that Chapter."

5. "I have read this entire document, discussed it fully with my attorney and understand this document completely and I am aware of the consequence of my plea, and am satisfied I have been effectively represented."

6. "If I am not a citizen of the United States, I have inquired into, understand and accept the immigration consequences of this plea bargain agreement."

7. "If the punishment recommendation is for deferred adjudication or community supervision, I have inquired into, understand and accept the possible ranges of conditions of community supervision, including those conditions that may require my confinement in a facility up to and including S.A.F.P.F."

V. **PLEA AGREEMENT AND SENTENCING RECOMMENDATION** – In consideration of

The Defendant Agrees (indicated by initials in the blank to the left of each applicable item):

_f.v_ 1. to plea "Guilty" to and be found guilty of the offense(s) of:

Possession with Intent to Deliver a Controlled Substance PG 1 > 1 Gram < 4 Grams

_____ 2. to judicially confess and stipulate as specified in paragraph IV, above;

_____ 3. to waive his/her rights as specified in paragraph III, above;

_____ 4. to, if placed on deferred adjudication or community supervision, participate in any and all conditions of community supervision including those conditions that may require my confinement in a facility up to and including S.A.F.P.F.;

_____ 5. that the fine and community service restitution hours imposed in this cause shall run consecutive to and be cumulated with the fine and community service restitution hours imposed in any other cause, whether before this court or any other court, unless otherwise specified in this plea bargain agreement;

_____ 6. that, if I am sentenced to serve a number of days of confinement in the county jail as a condition of community supervision, a day shall consist of a period of 24 hours. Therefore, I shall serve each day of such a term of confinement in periods that are not shorter than 24 hours. (For example: If I turn myself in to the jail at 10:00 p.m. on Friday, I must remain in jail until 10:00 p.m. on Saturday to receive credit for 1 day. If I turn myself in to the jail at 10.00 p.m. on Friday, I must remain in jail until 10:00 p.m. on Sunday to receive credit for 2 days.)

_f.v_ 7. XX to plea "True" and Agree to an affirmative finding to enhancement(s) paragraph(s) alleged in the indictment, information, or Notice of Intent to Enhance;

_____ 8. _____ to plea "True" and Agree to an affirmative finding to use of exhibition of a deadly weapon during the commission of the offense as alleged in the indictment, information, or Notice of Intent to Seek a Deadly Weapon Finding.

_f.v_ Defendant's Initials                    Page 4 of 7 – Plea Bargain Agreement

9. _____ to waive any review set out under Texas Code of Criminal Procedure, Art 42.12, Sec. 20 (a). The parties have fully negotiated the details of this agreement including the length of the term of community supervision. Therefore, the Defendant shall not ask for, shall not be considered for, and shall not receive an early termination of community supervision unless otherwise specified in this plea bargain agreement.

10. _____ to waive the right to seek shock community supervision under Texas Code of Criminal Procedure, Art 42.12, Sec. 6 or Texas Code of Criminal Procedure, Art 42.12, Sec. 15(f). The parties have fully negotiated the details of this agreement and have agreed that the Defendant shall not be placed on community supervision. Therefore, the Defendant shall not ask for, shall not be considered for, and shall not receive shock community supervision under Texas Code of Criminal Procedure, Art 42.12, Sec. 6 or Texas Code of Criminal Procedure, Art 42.12, Sec. 15(f) unless otherwise specified in this plea bargain agreement.

11. _____ to agree that I shall not be presumptively entitled to diligent participation credit as established in Texas Code of Criminal Procedure, Article 42.12, Section 15(h). (This provision is only applicable to State Jail Felony offenses.)

ƒıↅ 12. XX Other: The indictment shall be ammded to allege cocaine instead of methamphetamine.

**The State Agrees to recommend the following sentence:**

1. XX That the Defendant be sentenced to Thirty (30) (~~months~~ / years) imprisonment in the XX Institutional Division of the Texas Department of Criminal Justice _____ Texas State Jail Facility.

2. _____ That the Defendant be placed on _____ years of regular community supervision.

3. _____ That Defendant be placed on _____ years of deferred adjudication community supervision.

4. _____ That the Defendant pay a $_____ Fine payable as directed ($_____ probated).

5. XX That the Defendant pay $ 180.00 Restitution, payable to DPS Laboratory _____ as directed.

6. _____ Prosecute only on the lesser included offense of: _____.

7. Take the following unadjudicated offense(s) into consideration pursuant to Texas Penal Code §12.45: Coml Cunty 2016 CR2169 for PoM < 2 ounces _____ and defendant judicially confesses to each element of the offense.

8. _____ That the Defendant participate in _____ Community Service Hours.

9. _____ That the Defendant be confined _____ days in County jail as a condition of community supervision.

10. _____ That the Defendant's driver's license shall be suspended for a period of two (2) years, that the Defendant shall have an ignition interlock on any vehicle operated during the entire period of community supervision, and that the Defendant shall attend treatment as recommended by the Comal County Adult Community Supervision Department up to and including S.A.F.P.F.

11. _____ That the Defendant may seek an early termination of the period of community supervision agreed to in this plea bargain agreement after he/she has served a period of _____ years if he/she has absolutely no violations of the terms and conditions of his/her community supervision and he/she has paid all fines, restitution, and court costs and has completed all hours of his/her Community Service Hours.

12. XX  Other:

The State abandons the allegation that this offense was committed in a drug free zone. The sentences for counts I, II, and III shall run concurrently.

13. Court Costs and a $15.00 crime stoppers fee, payable at sentencing.

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

Furthermore, the Defendant states, "I CAN READ AND WRITE THE ENGLISH LANGUAGE. IF I AM UNABLE TO READ AND WRITE THE ENGLISH LANGUAGE AN INTERPRETER HAS ASSISTED ME IN READING THIS ENTIRE DOCUMENT AND AIDED ME IN DISCUSSING SAME WITH MY ATTORNEY. I HAVE READ THIS ENTIRE DOCUMENT AND DISCUSSED IT FULLY WITH MY ATTORNEY. I UNDERSTAND THIS DOCUMENT COMPLETELY AND I AM AWARE OF THE CONSEQUENCES OF MY PLEA. MY ATTORNEY HAS DISCUSSED WITH ME THE LAW AND FACTS APPLICABLE TO THIS CASE, AND I AM SATISFIED THAT I HAVE BEEN EFFECTIVELY REPRESENTED. FURTHERMORE, I AM MENTALLY COMPETENT; I UNDERSTAND THE ADMONISHMENTS IN PARAGRAPH I.; I AM FREELY, VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY ENTERING MY PLEA OF "GUILTY". I WAIVE MY RIGHTS AS SPECIFIED IN PARAGRAPH III. I STIPULATE TO THE EVIDENCE AND I JUDICIALLY CONFESS AS STATED IN PARAGRAPH IV."

_____
DEFENDANT

SWORN AND SUBSCRIBED TO before me by the Defendant, this the 20 day of November, 2017.

The Honorable Heather Keller
District Clerk
Comal County, Texas

By: _____ Deputy

I hereby join, consent to and approve of the waiver of jury trial pursuant to Art. 1.13, C.C.P., and the stipulations of evidence pursuant to Art. 1.15 C.C.P. In addition, I hereby advise the Court that I have fully consulted with the Defendant and have carefully reviewed with him/her this entire document. I believe he/she is mentally competent, understands the admonishments, is aware of the consequences of the plea, and is freely, voluntarily, knowingly and intelligently entering his/her plea of "Guilty", his/her waiver of rights as specified in paragraph III, and his/her stipulations and judicial confession as specified in paragraph IV.

_____
COUNSEL FOR DEFENDANT

I hereby join, consent to and approve of: (1) the stipulations of evidence pursuant to Art. 1.15, C.C.P.; and (2) the waiver of jury trial pursuant to Art. 1.13, C.C.P., conditioned on the Court accepting this Plea Agreement and sentencing the Defendant in accordance with this Plea Agreement.

_____
ASSISTANT CRIMINAL DISTRICT ATTORNEY

_____ Defendant's Initials                    Page 6 of 7 – Plea Bargain Agreement

## ORDER OF THE COURT

The Court hereby finds that (1) the Defendant was sane when the alleged offense was committed, is mentally competent, is represented by competent counsel, understands the nature of the charges against him/her and the consequences of a plea of guilty or *nolo contendere*, including the minimum and maximum punishment provided by law; (2) the attorney for the Defendant and the State consent and approve the waiver of trial by jury and agree to stipulate the evidence in this case; and (3) the Defendant's plea of guilty, statements, waivers, stipulations, and judicial confession were freely, voluntarily, knowingly and intelligently made.

All stipulations, waivers, and pleas are hereby approved and accepted along with all findings as set out above.

IT IS SO ORDERED on this the 20 day of November , 2017.

_____
JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct
copy of the record FILED & RECORDED
in the Official Court records of District
Court on this date and time stamped
thereon.

Heather N. Kell
Comal County District Clerk
By:

_____ Defendant's Initials

FILED FOR RECORD
At 3:37 o'clock P.M

NOV 20 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. CR2017-162 Count II

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| v. | § | 207TH JUDICIAL DISTRICT |
| Fred Vega, III | § | COMAL COUNTY, TEXAS |
| Defendant | | |

## ADMONISHMENTS, VOLUNTARY STATEMENTS, WAIVERS, STIPULATIONS, JUDICIAL CONFESSION
## &
## PLEA BARGAIN AGREEMENT

I. **ADMONISHMENTS, ART. 26.13, C.C.P.:** The Defendant is hereby admonished in writing that if convicted, the Defendant may be sentenced within the punishment range marked in the relevant box below:

1. **Punishment Range:**

☐ Capital Felony (death penalty waived) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of Life.

☑ Habitual Offender – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 25 years.

☐ 1st Degree Felony (Repeat Offender) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 15 years; in addition, a fine not to exceed $10,000.

☐ 1st Degree Felony -- Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 5 years; in addition, a fine not to exceed $10,000.

☐ 2nd Degree Felony – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years; in addition, a fine not to exceed $10,000.

☐ 3rd Degree Felony – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years; in addition, a fine not to exceed $10,000.

☐ State Jail Felony (deadly weapon used or exhibited / State Jail Violent Offender / State Jail Habitual Offender) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years; in addition, a fine not to exceed $10,000.

☐ State Jail Felony – Confinement in a State Jail for any term of not more than two years or less than 180 days; in addition, a fine not to exceed $10,000.

☐ Other / Special / Enhancement under Texas Penal Code §12.35(c), §12.42, §12.44 or Texas Health and Safety Code Chapter 481 or Other Provision of law:

_____

**SX 2**

2. <u>Plea Bargain</u> – The recommendation as to punishment is not binding on the court. If a plea bargain does exist, the court will inform you in open court before making a finding on your plea whether it will follow the plea bargain. Should the court reject the plea bargain, you will be permitted to withdraw your plea if you desire.

3. <u>Court's Permission to Appeal</u> – If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you may prosecute an appeal on any matter except for matters raised by written motion filed prior to trial.

4. <u>Citizenship</u> – If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in your deportation, exclusion from admission or denial of naturalization under Federal law.

5. <u>Sexual Offender Registration Requirement</u> – If you receive community supervision, a prison or jail term, or deferred adjudication, for an offense described in Chapter 62 of the Texas Code of Criminal Procedure, you must meet all the registration requirements set out in that chapter. Failure to properly register is a separate criminal offense. By affixing your signature to this document, you and your attorney are acknowledging that your attorney has advised you regarding any applicable registration requirements of Ch.62.

6. <u>Deferred Adjudication</u> – If the Court grants deferred adjudication under Art. 42.12, Sec. 5, Code of Criminal Procedure, on violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred. Upon adjudication of guilt, the Court may assess your punishment at any term and fine within the range of the original charge.

7. <u>Community Supervision</u> – The Judge of the Court having jurisdiction of the case shall determine the terms and conditions of your community supervision unless they are otherwise negotiated as part of this plea bargain agreement. The Judge may, at any time, during the period of your community supervision alter or modify the terms and conditions. The Judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the Defendant.

8. <u>Nature of Agreement</u> – This written plea bargain agreement sets out the full agreement of the parties. There are no promises or agreements outside of those established in this written document.

9. <u>Procedure to Amend</u> – By necessity, one or more party to this plea bargain agreement will sign it prior to the other party or the Court. Therefore, once this plea bargain agreement is signed by a party, it shall not be altered or amended without the express consent of the party who has already signed the agreement. The express agreement of such party shall be evidenced on the record and shall be demonstrated by the initials of said party approving any alteration or amendment. Any attempt to alter or amend this written plea bargain agreement outside of this procedure shall be void and the written plea bargain agreement shall be enforced as originally written without such alteration or amendment.

II. **VOLUNTARY STATEMENTS** – Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his attorney with whom he/she has previously consulted and makes the following voluntary statements:

1. "I was sane at the time of the offense and am presently competent to stand trial."

2. "I understand the nature of the charges contained in the indictment or information in this cause."

3. "The Court has admonished me orally or in writing of the consequences of a plea of guilty. I understand the minimum and maximum punishment provided by law for this offense."

4. "I understand that have the right to a trial by jury whether I plead 'Guilty', 'Not Guilty', or 'Nolo

____ Defendant's Initials                              Page 2 of 7 – Plea Bargain Agreement

Contendere" and I am freely, knowingly and voluntarily waiving my right to a trial by jury."

5. "I have the right to remain silent but if I choose not to remain silent, anything I say can be used against me."

6. "I have the right to be confronted by the witnesses against me whether I have a trial before the Court or the jury."

7. "This plea is made pursuant to a plea bargain."

8. "I ✓ (am) ____ (am not) a citizen of the United States of America."

III. **WAIVERS** – Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his/her attorney with whom he/she has previously consulted and freely, knowingly and voluntarily makes the following waivers:

1. I waive service of the indictment and the two day waiting period for arraignment; and I also waive the 10 day period for preparation after appointment of counsel and the 10 day period in which to file written pleadings after arrest.

2. I waive the right to be arraigned.

3. I waive the right of trial by jury and request the consent and approval of the Court and of the attorney for the State to such waiver.

4. I waive my right to remain silent in the guilt-innocence and punishment phases of the trial, and state that it is my desire to take the witness stand, knowing anything I may say can be used against me, and make a judicial confession of my guilt.

5. I waive the right to confront or cross-examine the witnesses against me both at the guilt/innocence and punishment phases of this matter. This waiver also includes, but is not limited to, any and all statements contained in any pre-sentence investigation report(s) reviewed by the Court in deciding the sentence to be imposed in this matter.

6. I waive the right to file a motion for new trial.

7. I understand my right to appeal but, having entered into a plea agreement with the State and as part of that agreement before sentencing, I waive my right to appeal from the judgment and sentence or probated sentence agreed upon.

8. I understand my rights to seek relief pursuant to a post conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure but, having entered into a plea agreement with the State and as part of that agreement before sentencing, I knowingly, intelligently, and voluntarily waive my right to seek relief pursuant to a post conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure based on any claim that is known or reasonably should have been known to me at the time of my plea of "Guilty."

9. I waive the right to a pre-sentence report and request that none be made.

IV. **STIPULATIONS AND JUDICIAL CONFESSION** -- Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his attorney with whom he has previously consulted and makes the following judicial confession(s) and stipulation(s):

1. "I do admit and judicially confess that I committed each and every element of the offense(s) as alleged in the indictment or information in this cause and that I am in fact GUILTY of the offense alleged or, if this plea bargain is for a plea of guilty to a lesser included offense of the offense alleged in the indictment or information in this cause, I do admit and judicially confess that I committed each and every element of the lesser included offense and that I am in fact GUILTY of the lesser included offense."

2. "Under Texas Code of Criminal Procedure Article 1.15, I hereby consent and stipulate in writing, in open court, to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the Court."

3. "I voluntarily enter my plea of GUILTY to said offense, and my plea is not influenced by any considerations of fear or any persuasion or any delusive hope of pardon. In making my plea of guilty I am not relying on any advice, information or agreement not made to the Court at this time."

4. "I have been advised by my attorney that if I am convicted or placed on deferred adjudication for a reportable sex offense under Chapter 62 of the Code of Criminal Procedure I will be required to meet the registration requirements of that Chapter."

5. "I have read this entire document, discussed it fully with my attorney and understand this document completely and I am aware of the consequence of my plea, and am satisfied I have been effectively represented."

6. "If I am not a citizen of the United States, I have inquired into, understand and accept the immigration consequences of this plea bargain agreement."

7. "If the punishment recommendation is for deferred adjudication or community supervision, I have inquired into, understand and accept the possible ranges of conditions of community supervision, including those conditions that may require my confinement in a facility up to and including S.A.F.P.F."

## V. PLEA AGREEMENT AND SENTENCING RECOMMENDATION – In consideration of

**The Defendant Agrees (indicated by initials in the blank to the left of each applicable item):**

*CV*    1. to plea "Guilty" to and be found guilty of the offense(s) of:

Tampering With Physical Evidence

_____    2. to judicially confess and stipulate as specified in paragraph IV, above;

_____    3. to waive his/her rights as specified in paragraph III, above;

_____    4. to, if placed on deferred adjudication or community supervision, participate in any and all conditions of community supervision including those conditions that may require my confinement in a facility up to and including S.A.F.P.F.;

_____    5. that the fine and community service restitution hours imposed in this cause shall run consecutive to and be cumulated with the fine and community service restitution hours imposed in any other cause, whether before this court or any other court, unless otherwise specified in this plea bargain agreement;

_____    6. that, if I am sentenced to serve a number of days of confinement in the county jail as a condition of community supervision, a day shall consist of a period of 24 hours. Therefore, I shall serve each day of such a term of confinement in periods that are not shorter than 24 hours. (For example: If I turn myself in to the jail at 10:00 p.m. on Friday, I must remain in jail until 10:00 p.m. on Saturday to receive credit for 1 day. If I turn myself in to the jail at 10:00 p.m. on Friday, I must remain in jail until 10:00 p.m. on Sunday to receive credit for 2 days.).

*CV*    7. **XX**_____ to plea "True" and Agree to an affirmative finding to enhancement(s) paragraph(s) alleged in the indictment, information, or Notice of Intent to Enhance;

_____    8. _____ to plea "True" and Agree to an affirmative finding to use of exhibition of a deadly weapon during the commission of the offense as alleged in the indictment, information, or Notice of Intent to Seek a Deadly Weapon Finding;

*CV*_____ Defendant's Initials      Page 4 of 7 – Plea Bargain Agreement

9. _____ to waive any review set out under Texas Code of Criminal Procedure, Art 42.12, Sec. 20 (a). The parties have fully negotiated the details of this agreement including the length of the term of community supervision. Therefore, the Defendant shall not ask for, shall not be considered for, and shall not receive an early termination of community supervision unless otherwise specified in this plea bargain agreement.

10. _____ to waive the right to seek shock community supervision under Texas Code of Criminal Procedure, Art 42.12, Sec. 6 or Texas Code of Criminal Procedure, Art 42.12, Sec. 15(f). The parties have fully negotiated the details of this agreement and have agreed that the Defendant shall not be placed on community supervision. Therefore, the Defendant shall not ask for, shall not be considered for, and shall not receive shock community supervision under Texas Code of Criminal Procedure, Art 42.12, Sec. 6 or Texas Code of Criminal Procedure, Art 42.12, Sec. 15(f) unless otherwise specified in this plea bargain agreement.

11. _____ to agree that I shall not be presumptively entitled to diligent participation credit as established in Texas Code of Criminal Procedure, Article 42.12, Section 15(h). (This provision is only applicable to State Jail Felony offenses.)

12. _____ Other:_____

_____

**The State Agrees to recommend the following sentence:**

1. XX That the Defendant be sentenced to Thirty (30) (~~months~~ / years) imprisonment in the XX Institutional Division of the Texas Department of Criminal Justice _____ Texas State Jail Facility.

2. _____ That the Defendant be placed on _____ years of regular community supervision.

3. _____ That Defendant be placed on _____ years of deferred adjudication community supervision.

4. _____ That the Defendant pay a $_____ Fine payable as directed ($_____ probated).

5. _____ That the Defendant pay $_____ Restitution, payable to

_____ as directed.

6. _____ Prosecute only on the lesser included offense of: _____

7. Take the following unadjudicated offense(s) into consideration pursuant to Texas Penal Code §12.45:_____ and defendant judicially confesses to each element of the offense.

8. _____ That the Defendant participate in _____ Community Service Hours.

9. _____ That the Defendant be confined _____ days in County jail as a condition of community supervision.

10. _____ That the Defendant's driver's license shall be suspended for a period of two (2) years, that the Defendant shall have an ignition interlock on any vehicle operated during the entire period of community supervision, and that the Defendant shall attend treatment as recommended by the Comal County Adult Community Supervision Department up to and including S.A.F.P.F.

11. _____ That the Defendant may seek an early termination of the period of community supervision agreed to in this plea bargain agreement after he/she has served a period of _____ years if he/she has absolutely no violations of the terms and conditions of his/her community supervision and he/she has paid all fines, restitution, and court costs and has completed all hours of his/her Community Service Hours.

_____ Defendant's Initials                    Page 5 of 7 – Plea Bargain Agreement



12. _____ Other.

_____

_____

_____

13 Court Costs and a $15.00 crime stoppers fee, payable at sentencing.

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

Furthermore, the Defendant states, "I CAN READ AND WRITE THE ENGLISH LANGUAGE. IF I AM UNABLE TO READ AND WRITE THE ENGLISH LANGUAGE AN INTERPRETER HAS ASSISTED ME IN READING THIS ENTIRE DOCUMENT AND AIDED ME IN DISCUSSING SAME WITH MY ATTORNEY. I HAVE READ THIS ENTIRE DOCUMENT AND DISCUSSED IT FULLY WITH MY ATTORNEY. I UNDERSTAND THIS DOCUMENT COMPLETELY AND I AM AWARE OF THE CONSEQUENCES OF MY PLEA. MY ATTORNEY HAS DISCUSSED WITH ME THE LAW AND FACTS APPLICABLE TO THIS CASE, AND I AM SATISFIED THAT I HAVE BEEN EFFECTIVELY REPRESENTED. FURTHERMORE, I AM MENTALLY COMPETENT; I UNDERSTAND THE ADMONISHMENTS IN PARAGRAPH I.; I AM FREELY, VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY ENTERING MY PLEA OF "GUILTY". I WAIVE MY RIGHTS AS SPECIFIED IN PARAGRAPH III. I STIPULATE TO THE EVIDENCE AND I JUDICIALLY CONFESS AS STATED IN PARAGRAPH IV."

_____
DEFENDANT

SWORN AND SUBSCRIBED TO before me by the Defendant, this the 20 day of NOV , 2017.

The Honorable Heather Keller
District Clerk
Comal County, Texas

By: _____ Deputy

I hereby join, consent to and approve of the waiver of jury trial pursuant to Art. 1.13, C.C.P., and the stipulations of evidence pursuant to Art. 1.15 C.C.P. In addition, I hereby advise the Court that I have fully consulted with the Defendant and have carefully reviewed with him/her this entire document. I believe he/she is mentally competent, understands the admonishments, is aware of the consequences of the plea, and is freely, voluntarily, knowingly and intelligently entering his/her plea of "Guilty", his/her waiver of rights as specified in paragraph III, and his/her stipulations and judicial confession as specified in paragraph IV.

_____
COUNSEL FOR DEFENDANT

I hereby join, consent to and approve of: (1) the stipulations of evidence pursuant to Art. 1.15, C.C.P.; and (2) the waiver of jury trial pursuant to Art. 1.13, C.C.P., conditioned on the Court accepting this Plea Agreement and sentencing the Defendant in accordance with this Plea Agreement.

_____
ASSISTANT CRIMINAL DISTRICT ATTORNEY

_____ Defendant's Initials                    Page 6 of 7 - Plea Bargain Agreement

## ORDER OF THE COURT

The Court hereby finds that (1) the Defendant was sane when the alleged offense was committed, is mentally competent, is represented by competent counsel, understands the nature of the charges against him/her and the consequences of a plea of guilty or *nolo contendere*, including the minimum and maximum punishment provided by law, (2) the attorney for the Defendant and the State consent and approve the waiver of trial by jury and agree to stipulate the evidence in this case; and (3) the Defendant's plea of guilty, statements, waivers, stipulations, and judicial confession were freely, voluntarily, knowingly and intelligently made.

All stipulations, waivers, and pleas are hereby approved and accepted along with all findings as set out above.

IT IS SO ORDERED on this the __20__ day of __Nov_____, 201__7__.

_____
JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct copy of the record FILED & RECORDED in the Official Court records of District Court on this date and time stamped thereon.

Heather N. Kellar
Comal County District Clerk
By:

C d   Defendant's Initials

FILED FOR RECORD
At ___ o'clock ___ M

NOV 20 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
BY _____ DEPUTY

CAUSE NO. **CR2017-162 Count III**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT, COMAL COUNTY, TEXAS |
| V. | § | 207TH JUDICIAL DISTRICT |
| **Fred Vega, III** <br> Defendant | § | COMAL COUNTY, TEXAS |

---

### ADMONISHMENTS, VOLUNTARY STATEMENTS, WAIVERS, STIPULATIONS, JUDICIAL CONFESSION
### &
### PLEA BARGAIN AGREEMENT

---

I. **ADMONISHMENTS, ART. 26.13, C.C.P.:** The Defendant is hereby admonished in writing that if convicted, the Defendant may be sentenced within the punishment range marked in the relevant box below:

1. **Punishment Range:**

☐ Capital Felony (death penalty waived) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of Life.

☐ Habitual Offender – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 25 years.

☐ 1st Degree Felony (Repeat Offender) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 15 years; in addition, a fine not to exceed $10,000.

☐ 1st Degree Felony -- Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 5 years; in addition, a fine not to exceed $10,000.

☑ 2nd Degree Felony – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years; in addition, a fine not to exceed $10,000. *This is a state jail felony enhanced to 2nd degree.*

☐ 3rd Degree Felony – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years; in addition, a fine not to exceed $10,000.

☐ State Jail Felony (deadly weapon used or exhibited / State Jail Violent Offender / State Jail Habitual Offender) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years; in addition, a fine not to exceed $10,000.

☐ State Jail Felony – Confinement in a State Jail for any term of not more than two years or less than 180 days; in addition, a fine not to exceed $10,000.

☐ Other / Special / Enhancement under Texas Penal Code §12.35(c), §12.42, §12.44 or Texas Health and Safety Code Chapter 481 or Other Provision of law:

_____

_ILV_ Defendant's Initials

Page 1 of 7 – Plea Bargain Agreement

**SX 3**

2. Plea Bargain – The recommendation as to punishment is not binding on the court. If a plea bargain does exist, the court will inform you in open court before making a finding on your plea whether it will follow the plea bargain. Should the court reject the plea bargain, you will be permitted to withdraw your plea if you desire.

3. Court's Permission to Appeal – If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you may prosecute an appeal on any matter except for matters raised by written motion filed prior to trial.

4. Citizenship – If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in your deportation, exclusion from admission or denial of naturalization under Federal law.

5. Sexual Offender Registration Requirement – If you receive community supervision, a prison or jail term, or deferred adjudication, for an offense described in Chapter 62 of the Texas Code of Criminal Procedure, you must meet all the registration requirements set out in that chapter. Failure to properly register is a separate criminal offense. By affixing your signature to this document, you and your attorney are acknowledging that your attorney has advised you regarding any applicable registration requirements of Ch.62.

6. Deferred Adjudication – If the Court grants deferred adjudication under Art. 42.12, Sec. 5, Code of Criminal Procedure, on violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred. Upon adjudication of guilt, the Court may assess your punishment at any term and fine within the range of the original charge.

7. Community Supervision – The Judge of the Court having jurisdiction of the case shall determine the terms and conditions of your community supervision unless they are otherwise negotiated as part of this plea bargain agreement. The Judge may, at any time, during the period of your community supervision alter or modify the terms and conditions. The Judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the Defendant.

8. Nature of Agreement – This written plea bargain agreement sets out the full agreement of the parties. There are no promises or agreements outside of those established in this written document.

9. Procedure to Amend – By necessity, one or more party to this plea bargain agreement will sign it prior to the other party or the Court. Therefore, once this plea bargain agreement is signed by a party, it shall not be altered or amended without the express consent of the party who has already signed the agreement. The express agreement of such party shall be evidenced on the record and shall be demonstrated by the initials of said party approving any alteration or amendment. Any attempt to alter or amend this written plea bargain agreement outside of this procedure shall be void and the written plea bargain agreement shall be enforced as originally written without such alteration or amendment.

II. **VOLUNTARY STATEMENTS** – Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his attorney with whom he/she has previously consulted and makes the following voluntary statements:

1. "I was sane at the time of the offense and am presently competent to stand trial."

2. "I understand the nature of the charges contained in the indictment or information in this cause."

3. "The Court has admonished me orally or in writing of the consequences of a plea of guilty. I understand the minimum and maximum punishment provided by law for this offense."

4. "I understand that have the right to a trial by jury whether I plead "Guilty", "Not Guilty", or "Nolo

Contendere" and I am freely, knowingly and voluntarily waiving my right to a trial by jury."

5. "I have the right to remain silent but if I choose not to remain silent, anything I say can be used against me."

6. "I have the right to be confronted by the witnesses against me whether I have a trial before the Court or the jury."

7. "This plea is made pursuant to a plea bargain."

8. "I ✓ (am) ____ (am not) a citizen of the United States of America."

III. **WAIVERS** – Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his/her attorney with whom he/she has previously consulted and freely, knowingly and voluntarily makes the following waivers:

1. I waive service of the indictment and the two day waiting period for arraignment; and I also waive the 10 day period for preparation after appointment of counsel and the 10 day period in which to file written pleadings after arrest.

2. I waive the right to be arraigned.

3. I waive the right of trial by jury and request the consent and approval of the Court and of the attorney for the State to such waiver.

4. I waive my right to remain silent in the guilt-innocence and punishment phases of the trial, and state that it is my desire to take the witness stand, knowing anything I may say can be used against me, and make a judicial confession of my guilt.

5. I waive the right to confront or cross-examine the witnesses against me both at the guilt/innocence and punishment phases of this matter. This waiver also includes, but is not limited to, any and all statements contained in any pre-sentence investigation report(s) reviewed by the Court in deciding the sentence to be imposed in this matter.

6. I waive the right to file a motion for new trial.

7. I understand my right to appeal but, having entered into a plea agreement with the State and as part of that agreement before sentencing, I waive my right to appeal from the judgment and sentence or probated sentence agreed upon.

8. I understand my rights to seek relief pursuant to a post conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure but, having entered into a plea agreement with the State and as part of that agreement before sentencing, I knowingly, intelligently, and voluntarily waive my right to seek relief pursuant to a post conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure based on any claim that is known or reasonably should have been known to me at the time of my plea of "Guilty."

9. I waive the right to a pre-sentence report and request that none be made.

IV. **STIPULATIONS AND JUDICIAL CONFESSION** -- Now comes the Defendant in writing and in open court in the above entitled and numbered cause represented by his attorney with whom he has previously consulted and makes the following judicial confession(s) and stipulation(s):

1. "I do admit and judicially confess that I committed each and every element of the offense(s) as alleged in the indictment or information in this cause and that I am in fact GUILTY of the offense alleged or, if this plea bargain is for a plea of guilty to a lesser included offense of the offense alleged in the indictment or information in this cause, I do admit and judicially confess that I committed each and every element of the lesser included offense and that I am in fact GUILTY of the lesser included offense."

2. "Under Texas Code of Criminal Procedure Article 1.15, I hereby consent and stipulate in writing, in open court, to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the Court."

3. "I voluntarily enter my plea of GUILTY to said offense, and my plea is not influenced by any considerations of fear or any persuasion or any delusive hope of pardon. In making my plea of guilty I am not relying on any advice, information or agreement not made to the Court at this time."

4. "I have been advised by my attorney that if I am convicted or placed on deferred adjudication for a reportable sex offense under Chapter 62 of the Code of Criminal Procedure I will be required to meet the registration requirements of that Chapter."

5. "I have read this entire document, discussed it fully with my attorney and understand this document completely and I am aware of the consequence of my plea, and am satisfied I have been effectively represented."

6. "If I am not a citizen of the United States, I have inquired into, understand and accept the immigration consequences of this plea bargain agreement."

7. "If the punishment recommendation is for deferred adjudication or community supervision, I have inquired into, understand and accept the possible ranges of conditions of community supervision, including those conditions that may require my confinement in a facility up to and including S.A.F.P.F."

## V. PLEA AGREEMENT AND SENTENCING RECOMMENDATION – In consideration of

**The Defendant Agrees (indicated by initials in the blank to the left of each applicable item):**

_(v_  1. to plea "Guilty" to and be found guilty of the offense(s) of:

Evading Arrest with a Previous Conviction for the Same Offense

_____  2. to judicially confess and stipulate as specified in paragraph IV, above;

_____  3. to waive his/her rights as specified in paragraph III, above;

_____  4. to, if placed on deferred adjudication or community supervision, participate in any and all conditions of community supervision including those conditions that may require my confinement in a facility up to and including S.A.F.P.F.;

_____  5. that the fine and community service restitution hours imposed in this cause shall run consecutive to and be cumulated with the fine and community service restitution hours imposed in any other cause, whether before this court or any other court, unless otherwise specified in this plea bargain agreement;

_____  6. that, if I am sentenced to serve a number of days of confinement in the county jail as a condition of community supervision, a day shall consist of a period of 24 hours. Therefore, I shall serve each day of such a term of confinement in periods that are not shorter than 24 hours. (For example: If I turn myself in to the jail at 10:00 p.m. on Friday, I must remain in jail until 10:00 p.m. on Saturday to receive credit for 1 day. If I turn myself in to the jail at 10:00 p.m. on Friday, I must remain in jail until 10:00 p.m. on Sunday to receive credit for 2 days.).

_(v_  7. XX to plea "True" and Agree to an affirmative finding to enhancement(s) paragraph(s) alleged in the indictment, information, or Notice of Intent to Enhance;

_____  8. _____ to plea "True" and Agree to an affirmative finding to use of exhibition of a deadly weapon during the commission of the offense as alleged in the indictment, information, or Notice of Intent to Seek a Deadly Weapon Finding;

9. _____ to waive any review set out under Texas Code of Criminal Procedure, Art 42.12, Sec. 20 (a). The parties have fully negotiated the details of this agreement including the length of the term of community supervision. Therefore, the Defendant shall not ask for, shall not be considered for, and shall not receive an early termination of community supervision unless otherwise specified in this plea bargain agreement.

10. _____ to waive the right to seek shock community supervision under Texas Code of Criminal Procedure, Art 42.12, Sec. 6 or Texas Code of Criminal Procedure, Art 42.12, Sec. 15(f). The parties have fully negotiated the details of this agreement and have agreed that the Defendant shall not be placed on community supervision. Therefore, the Defendant shall not ask for, shall not be considered for, and shall not receive shock community supervision under Texas Code of Criminal Procedure, Art 42.12, Sec. 6 or Texas Code of Criminal Procedure, Art 42.12, Sec. 15(f) unless otherwise specified in this plea bargain agreement.

11. _____ to agree that I shall not be presumptively entitled to diligent participation credit as established in Texas Code of Criminal Procedure, Article 42.12, Section 15(h). (This provision is only applicable to State Jail Felony offenses.)

12. _____ Other:_____

_____

**The State Agrees to recommend the following sentence:**

1. __XX__ That the Defendant be sentenced to $\overline{Twinty}$ (20) (~~months~~ / years) imprisonment in the __XX__ Institutional Division of the Texas Department of Criminal Justice _____Texas State Jail Facility.

2. _____ That the Defendant be placed on _____ years of regular community supervision.

3. _____ That Defendant be placed on _____ years of deferred adjudication community supervision.

4. _____ That the Defendant pay a $_____ Fine payable as directed ($_____ probated).

5. _____ That the Defendant pay $_____ Restitution, payable to

_____as directed.

6. _____ Prosecute only on the lesser included offense of: _____

7. Take the following unadjudicated offense(s) into consideration pursuant to Texas Penal Code §12.45:_____ and defendant judicially confesses to each element of the offense.

8. _____ That the Defendant participate in _____ Community Service Hours.

9. _____ That the Defendant be confined _____ days in County jail as a condition of community supervision.

10. _____ That the Defendant's driver's license shall be suspended for a period of two (2) years, that the Defendant shall have an ignition interlock on any vehicle operated during the entire period of community supervision, and that the Defendant shall attend treatment as recommended by the Comal County Adult Community Supervision Department up to and including S.A.F.P.F.

11. _____ That the Defendant may seek an early termination of the period of community supervision agreed to in this plea bargain agreement after he/she has served a period of _____ years if he/she has absolutely no violations of the terms and conditions of his/her community supervision and he/ she has paid all fines, restitution, and court costs and has completed all hours of his/her Community Service Hours.

 Defendant's Initials



12. _____ Other:

_____

_____

_____

13. Court Costs and a $15.00 crime stoppers fee, payable at sentencing.

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

Furthermore, the Defendant states, "I CAN READ AND WRITE THE ENGLISH LANGUAGE. IF I AM UNABLE TO READ AND WRITE THE ENGLISH LANGUAGE AN INTERPRETER HAS ASSISTED ME IN READING THIS ENTIRE DOCUMENT AND AIDED ME IN DISCUSSING SAME WITH MY ATTORNEY. I HAVE READ THIS ENTIRE DOCUMENT AND DISCUSSED IT FULLY WITH MY ATTORNEY. I UNDERSTAND THIS DOCUMENT COMPLETELY AND I AM AWARE OF THE CONSEQUENCES OF MY PLEA. MY ATTORNEY HAS DISCUSSED WITH ME THE LAW AND FACTS APPLICABLE TO THIS CASE, AND I AM SATISFIED THAT I HAVE BEEN EFFECTIVELY REPRESENTED. FURTHERMORE, I AM MENTALLY COMPETENT; I UNDERSTAND THE ADMONISHMENTS IN PARAGRAPH I.; I AM FREELY, VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY ENTERING MY PLEA OF "GUILTY". I WAIVE MY RIGHTS AS SPECIFIED IN PARAGRAPH III. I STIPULATE TO THE EVIDENCE AND I JUDICIALLY CONFESS AS STATED IN PARAGRAPH IV."

_____
DEFENDANT

SWORN AND SUBSCRIBED TO before me by the Defendant, this the 30 day of NOV. , 20 17.

The Honorable Heather Keller
District Clerk
Comal County, Texas

By: _____ Deputy

I hereby join, consent to and approve of the waiver of jury trial pursuant to Art. 1.13, C.C.P., and the stipulations of evidence pursuant to Art. 1.15 C.C.P. In addition, I hereby advise the Court that I have fully consulted with the Defendant and have carefully reviewed with him/her this entire document. I believe he/she is mentally competent, understands the admonishments, is aware of the consequences of the plea, and is freely, voluntarily, knowingly and intelligently entering his/her plea of "Guilty", his/her waiver of rights as specified in paragraph III, and his/her stipulations and judicial confession as specified in paragraph IV.

_____
COUNSEL FOR DEFENDANT

I hereby join, consent to and approve of: (1) the stipulations of evidence pursuant to Art. 1.15, C.C.P.; and (2) the waiver of jury trial pursuant to Art. 1.13, C.C.P., conditioned on the Court accepting this Plea Agreement and sentencing the Defendant in accordance with this Plea Agreement.

_____
ASSISTANT CRIMINAL DISTRICT ATTORNEY

_____ Defendant's Initials                    Page 6 of 7 – Plea Bargain Agreement

## ORDER OF THE COURT

The Court hereby finds that (1) the Defendant was sane when the alleged offense was committed, is mentally competent, is represented by competent counsel, understands the nature of the charges against him/her and the consequences of a plea of guilty or *nolo contendere*, including the minimum and maximum punishment provided by law; (2) the attorney for the Defendant and the State consent and approve the waiver of trial by jury and agree to stipulate the evidence in this case; and (3) the Defendant's plea of guilty, statements, waivers, stipulations, and judicial confession were freely, voluntarily, knowingly and intelligently made.

All stipulations, waivers, and pleas are hereby approved and accepted along with all findings as set out above.

IT IS SO ORDERED on this the 20 day of Nov , 201 7 .

_____
JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and corre
copy of the record FILED & RECORD
in the Official Court records of Distri
Court on this date and time stamp
thereon.

Heath_ N. Kell_r
Comal County Distric_ Cl_
By

CAUSE NO _CR 2017-162 Ct I, Ct II, Ct III_

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS | § | OF |
| _Fred Vega III_ | § | COMAL COUNTY, TEXAS |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

☐ is not a plea-bargain case, and the defendant has the right of appeal. [*or*]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [*or*]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*]

☒ is a plea-bargain case, and the defendant has NO right of appeal. [*or*]

☒ the defendant has waived the right of appeal.

_[signature]_                    _11/20/17_
PRESIDING JUDGE                  DATE

FILED FOR RECORD
At 3:31 o'clock P M

NOV 20 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY TEXAS
BY_____ DEPUTY

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. Tex. R. App. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contemdere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before the trial or (B) after getting the trial court's permission to appeal. "TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

.

_Fred Vega III_
DEFENDANT
_Comal Cty Jail_
ADDRESS

_____
TELEPHONE NUMBER

_[signature]_
ATTORNEY FOR DEFENDANT

_____
ADDRESS

_0376371_
STATE BAR ID

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct copy of the record FILED & RECORDED in the Official Court records of District Court on this date and time stamped thereon.

_[signature]_
Heather N. Kellar
Comal County District Clerk
By: _____